## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CONAGRA FOODS, INC., a Delaware corporation, | ) | CASE NO. 8:13CV293 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| YRC WORLDWIDE, INC., a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion to Dismiss (Filing No. 7) submitted by Defendant YRC Worldwide, Inc. ("YRC"), and the Motion to Remand (Filing No. 9) submitted by Plaintiff ConAgra Foods, Inc. ("ConAgra"). For the reasons discussed below, the Motion to Dismiss will be denied, and the Motion to Remand will be granted.

### FACTUAL AND PROCEDURAL HISTORY

For purposes of the pending motions, the Court accepts as true all well-pled facts in the Complaint (Filing No. 1-1), although the Court need not accept ConAgra's conclusions of law. The following is a summary of the facts presented in the Complaint:

ConAgra and YRC entered into a contract carrier agreement on or about September 20, 2008 (Exhibit A to the Complaint, hereafter the "Agreement"), through which YRC agreed to provide certain motor contract carriage services to ConAgra. Under the Agreement, YRC warranted that it would not ship food products using equipment that had been used for transportation of hazardous materials. On or about November 14, 2011, YRC delivered to ConAgra foodstuffs that were loaded along with hazardous materials, breaching the Agreement and causing ConAgra to incur damages in the amount of $66,865.74.

ConAgra sued YRC in the District Court of Douglas County, Nebraska, on August 2, 2013, presenting a single claim for breach of contract.  YRC removed the action to this Court on September 18, 2013, invoking the Court's federal subject matter jurisdiction, and asserting that ConAgra's claim is governed exclusively by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706.  YRC then moved to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), asserting that the Carmack Amendment preempts and bars ConAgra's state-law claim for breach of contract.

ConAgra moved to remand its action to state court, asserting that both parties waived the applicability of the Carmack Amendment in the Agreement, and that YRC also waived its right to challenge ConAgra's choice of venue in Nebraska state court.  ConAgra seeks an award of attorney fees incurred in seeking remand and in responding to the Motion to Dismiss, asserting that there was no reasonable basis for either.

In opposition to the Motion for Remand and in further support of its Motion to Dismiss, YRC submitted a Brief (Filing No. 19) and attached an Index of Evidence to the Brief[1] (Filing Nos. 19-1, 19-2).  YRC now contends that ConAgra's claim should be presented as seven separate claims, five of which should be severed and remanded to state court for separate trials on each claim.  YRC further contends that the two remaining "claims" should be dismissed by this Court, because they are preempted by the Carmack Amendment.  YRC asserts that it did not waive application of the Carmack Amendment in the Agreement, because the Agreement is ambiguous and contradictory.  YRC notes that

---

[1] Counsel is referred to NECivR 7.1(a)(2)(B) regarding submission of evidentiary materials.

it does not object to ConAgra receiving leave to amend its Complaint to assert the two "claims" under the Carmack Amendment.

## STANDARDS OF REVIEW

### Fed. R. Civ. P. 56

YRC has presented matters outside the pleadings in support of its Motion to Dismiss, asking the Court to consider a 30-page index of evidence.  Under Fed. R. Civ. P. 12(d), if the Court considers such materials in connection with the Motion to Dismiss, it must treat YRC's Motion as one for summary judgment under Fed. R. Civ. P. 56, and must afford ConAgra a reasonable opportunity to present all material that is pertinent to the motion.  The Court will decline to consider YRC's evidentiary submissions in support of its Motion to Dismiss.

### Fed. R. Civ. P. 12(b)(6)

Turning to the standard of review applicable to a motion to dismiss for failure to state a claim upon which relief can be granted (Fed. R. Civ. P. 12(b)(6)), it is recognized that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[A]lthough a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Instead, the complaint must set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 630 (citing *Twombly*, 550 U.S. at 570).

3

"'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).   "'Courts must accept . . . specific factual allegations as true but are not required to accept . . . legal conclusions.'"  *Outdoor Cent., Inc. v. GreatLodge.com, Inc.,* 643 F.3d 1115, 1120 (8th Cir. 2011) (quoting *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010)).   "A pleading that merely pleads 'labels and conclusions,' or a 'formulaic recitation' of the elements of a cause of action, or 'naked assertions' devoid of factual enhancement will not suffice."  *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).   The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *Williams v. Hobbs,* 658 F.3d 842, 848 (8th Cir. 2011) (quoting *Parhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009)).

When ruling on a defendant's motion to dismiss, a judge must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).   The complaint, however, must still "include sufficient factual allegations to provide the grounds on which the claim rests." *Drobnak v. Andersen Corp.,* 561 F.3d 778, 783 (8th Cir. 2009).

"Two working principles underlie . . . *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.* at 1950 (citing *Twombly,* 550 U.S. at 556).  "Determining whether a complaint states a plausible claim for relief will . . .  be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

**Motion to Remand**

"All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig*., 591 F.3d 613, 620 (8th Cir. 2010).

## DISCUSSION

"As master of the complaint, a state plaintiff can generally avoid removal to federal court by alleging only state law claims."  *Johnson v. MFA Petroleum Co.*, 701 F.3d 243, 247 (8th Cir. 2012) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  "Under the well pleaded complaint rule, a federal question must appear on the face of the plaintiff's complaint in order to create federal question jurisdiction."  *Id.* (citing *Caterpillar,* 482 U.S. at 392).  "If the plaintiff's action is brought under state law, the case may not be removed under federal question jurisdiction even if federal law were to provide a defense, and 'even if both parties concede that the federal defense is the only question truly at issue.'"  *Id.* (citing *Caterpillar*, 482 U.S. at 393).  "The rule that a federal defense does not create federal jurisdiction includes the defense of preemption."  *Id.*  "Complete preemption only applies where a federal statute 'so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal.'"  *Id*. (alteration in

5

original) (citing *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 65 (1987)).  "For a statute to provide federal question jurisdiction under this exception it must have 'extraordinary pre-emptive power,' a conclusion courts are reluctant to reach."  *Id.* (citing *Metro Life*, 481 U.S. at 65).

Even when an action presents a federal question, removal is not mandated where state courts have concurrent jurisdiction.  The "deeply rooted presumption in favor of concurrent state court jurisdiction is, of course, rebutted if Congress affirmatively ousts the state courts of jurisdiction over a particular federal claim."  *Tafflin v. Levitt*, 493 U.S. 455, 459 (1990).  "'[I]f exclusive jurisdiction be neither express nor implied, the State courts have concurrent jurisdiction whenever, by their own constitution, they are competent to take it.'"  *Id.* (quoting *Claflin v. Houseman*, 93 U.S. 130, 136 (1876).

ConAgra brought its claim for breach of contract.  It is the "master of the claim."  The removability of the action is determined from the face of the Complaint, which presents a plausible claim for relief and reveals no federal subject matter jurisdiction.  The Court will not consider YRC's potential defenses when evaluating the merits of ConAgra's Motion for Remand.  Even if YRC is correct that some portion of ConAgra's claim should be preempted by the Carmack Amendment, YRC has not demonstrated that the state court lacks concurrent jurisdiction over such a claim.  To the contrary, 49 U.S.C. § 14706(d)(1) provides:

> A civil action under this section may be brought against a delivering carrier in a district court of the United States or in a State court.  Trial, if the action is brought in a district court of the United States is in a judicial district, and if in a State court, is in a State through which the defendant carrier operates.

It is YRC's burden to establish this Court's federal question jurisdiction, and the propriety of the removal.  It has not met that burden.

Accordingly,

IT IS ORDERED:

1.     Defendant YRC Worldwide, Inc.'s Motion to Dismiss (Filing No. 7) is denied;

2.     Plaintiff ConAgra Foods, Inc.'s Motion to Remand (Filing No. 9) is granted in part, as follows:

This action is remanded to the District Court of Douglas County, Nebraska, for further proceedings, and

3.     Plaintiff's request for an award of attorney fees, also presented in Filing No. 9,  is denied.

DATED this 21st day of November, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge